In re METHYL METHACRYLATE (MMA) ANTITRUST LITIGATION

CLC Concrete, Inc. v. Arkema, Inc., et al., N.D. California, C.A. No. 4:06-1253

A & P Foglia, Inc. v. Arkema, Inc., et al., E.D. Pennsylvania, C.A. No. 2:06-469

Polymerics, Inc. v. Arkema, Inc., et al., E.D. Pennsylvania, C.A. No. 2:06-470

Tallyho Plastics, Inc. v. Arkema, Inc., et al., E.D. Pennsylvania, C.A. No. 2:06-560

ADF, Inc. v. Arkema, Inc., et al., E.D. Pennsylvania, C.A. No. 2:06-561

RBX Industries, Inc.

v.

Arkema, Inc., et al., E.D. Pennsylvania, C.A. No. 2:06-956

Joe Solo, et al. v. Arkema, Inc., et al., E.D. Tennessee, C.A. No. 2:06-34

No. MDL 1768.

Judicial Panel on Multidistrict Litigation.

June 20, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of seven actions pending in three districts as follows: five actions in the Eastern District of Pennsylvania, and one action each in the Northern District of California and the Eastern District of Tennessee. Pursuant to 28 U.S.C. § 1407, A & P Foglia, Inc., and Polymerics, Inc., the respective plaintiffs in the two first-filed Eastern District of Pennsylvania actions, have filed a motion, as amended, seeking centralization of these seven actions in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.[1] All responding plaintiffs and defendants agree upon centralization in the Pennsylvania district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions now before the Panel is brought to recover for violations of antitrust laws arising in the context of an alleged conspiracy to fix the

---

1. The initial Section 1407 motion included a District of New Jersey action that was voluntarily dismissed on March 21, 2006. Accordingly, the question of Section 1407 transfer with respect to this action has been mooted. Additionally, parties have notified the Panel of three other related actions recently filed in the Eastern District of Pennsylvania (two ac-

tions) and the Northern District of California (one action). In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions in accordance with Panel and local court rules. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

price of methyl methacrylate, a chemical product used in the production of certain plastics and other products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Eastern District of Pennsylvania is an appropriate forum in this docket for the following reasons: i) the district is the choice of all responding parties; ii) the district is where the first filed and largest number of actions are already pending; iii) the district is an accessible location that will be geographically convenient for many of this docket's litigants, witnesses and counsel; and iv) the district is well equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Timothy J. Savage for coordinated or consolidated pretrial proceedings with the actions pending in that district.